# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0826
════════════

MICHAEL A. ZANCHI, M.D., MICHAEL A. ZANCHI, M.D., P.A., AND PARIS
REGIONAL ANESTHESIA, P.A., PETITIONERS,

v.

REGINALD KEITH LANE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF JUAMEKA CYNARRA ROSS, DECEASED, ET AL., RESPONDENTS

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS
════════════════════════════════════════════════

JUSTICE HECHT, concurring.

Section 74.351(a) of the Texas Civil Practice and Remedies Code requires that a health care liability claimant "shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports . . . for each physician or health care provider against whom a liability claim is asserted."[1]  Otherwise, the claim against that physician or health care provider must be dismissed.[2]  Respondents delivered their expert report to petitioners within 120 days of filing suit, but petitioners contend they were not *parties* during that

---

[1] TEX. CIV. PRAC. & REM. CODE § 74.351(a).  This section was amended by Act of May 26, 2013, 83rd Leg. R.S., ch. 870, § 2, 2013 Tex. Gen. Laws ___ [House Bill 658]; this action was commenced before the effective date of this amendment and so is governed by preexisting law.  *Id.* at § 3(b).

[2] *Id.* § 74.351(b).

period because they were not served with citation until later, and thus respondents failed to serve "each party or the party's attorney" by the deadline. The Court disagrees.

I join the Court's opinion with this reservation: resolution of the issue cannot turn on the meaning of "party" in the abstract. Sometimes "party" is used to include a person who is named as a defendant in the plaintiff's pleadings but never becomes a formal participant by service, waiver, or appearance.[3] Sometimes the word refers only to actual participants.[4] Sometimes non-participants are treated as if they were parties.[5] The dictionary definitions of "party" — "[o]ne by or against whom a lawsuit is brought",[6] "litigant"[7] — do not suggest whether the person must be, or need not be, an actual, formal participant in a case. In the end, nothing supports the Court's conclusion that "construing 'party' to mean someone named in a lawsuit better comport[s] with the common usage

---

[3] *E.g. Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004) ("A party who becomes aware of the proceedings without proper service of process has no duty to participate in them."); TEX. R. CIV. P. 79 ("The petition shall state the names of the parties . . . .").

[4] Generally, the discovery rules use "party" to refer only to participants in the lawsuit. *See* TEX. R. CIV. P. 190-205. *See also* TEX. CIV. PRAC. & REM. CODE § 37.006 (specifying who must be made parties when declaratory relief is sought)*;cf. Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 931 (Tex. 2010) (narrowly construing "parties" who must agree to venue in Travis County for an administrative appeal to exclude commission, under TEX. EDUC. CODE § 21.307(a)(2), which must be made a party on that appeal under another subsection).

[5] *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722-725 (Tex. 2006) ("Because one who is virtually represented is already deemed to be a party, theoretically it is not required to intervene in order to appeal." (citation and internal quotation marks omitted)); *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 110 (Tex. 1999) (per curiam) (an appellant, though not a party of record in the trial court, may be deemed a party with a right to appeal under the doctrine of virtual representation).

[6] BLACK'S LAW DICTIONARY 1231, 1232 (9th ed. 2009).

[7] WEBSTER'S UNABRIDGED DICTIONARY 1648 (3d ed. 2002).

2

of the term",[8] a conclusion rejected by five courts of appeals, all trying to follow this Court's precedents.

Nor do other provisions of the Medical Liability Act shed any light on the matter. The one the Court cites, and the only one I see, is Section 74.351(r)(4), which defines "defendant" as someone "against whom a health care liability claim is asserted."[9] Since a "party" entitled to an expert report is a defendant, one can argue that the Legislature had in mind someone against whom a claim has been asserted, though not necessarily served. But one can just as easily argue that if the Legislature had meant for the expert report deadline to apply to anyone against whom a claim is asserted without being served, it would have used "defendant" in Section 74.351(a). By using "party", the argument would go, the Legislature must have intended something different — someone actually in the lawsuit and not merely named as a defendant. If one of these arguments is stronger than the other, it is hard to see which is which.

Only as a last resort does the Court look for guidance to the purpose of the expert report requirement and deadline, which is "to identify and eliminate frivolous health care liability claims expeditiously, while preserving those of potential merit."[10] If "party" in Section 74.351(a) is read to mean only a defendant who has been served, has waived service, or has appeared, then in the situation before us, the claim must be dismissed, not because it is frivolous — the claimants have

---

[8] *Ante* at ___.

[9] TEX. CIV. PRAC. & REM. CODE § 74.351(r)(4).

[10] *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citing Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), (3), 2003 Tex. Gen. Laws 847, 884).

3

an expert report showing their claim has merit — but because the defendants are hard to find.

Petitioners' construction of Section 74.351(a) is contradicted, not by the better meaning of "party",

if one could be determined, but by the Legislature's stated purpose in enacting the expert report

requirement. We have said:

> The cardinal rule in statutory interpretation and construction is to seek out the legislative intent from a general view of the enactment as a whole, and, once the intent has been ascertained, to construe the statute so as to give effect to the purpose of the Legislature. It is recognized that a statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other defeat such manifest object, it should receive the former construction.[11]

"Party" must be interpreted to include a person named but not served, not because that meaning is

better in some abstract sense, but because that interpretation is the one that avoids defeating the very

statute we are construing.

An interpretation of Section 74.351(a) that results in the dismissal of claims without regard

to the merits must be rejected for another reason. "It must be remembered that there are

constitutional limitations upon the power of courts to dismiss an action without affording a party the

opportunity for a hearing on the merits of his cause, and those limitations constrain the Legislature

no less in requiring dismissal."[12] In Section 74.351(a), the Legislature has in effect authorized a

presumption that a claim lacks merit and should be dismissed if the claimant cannot provide a

supporting expert report within 120 days after filing suit. While that presumption may not violate

---

[11] *Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979) (internal citations omitted) (cited in ANTONIN SCALIA & BRYAN A.GARNER, READING LAW 63 (Thomson/West 2012)).

[12] *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011) (footnote and internal quotation marks, brackets, and ellipses omitted).

4

Due Process or Open Courts, the same could not be said for a presumption of no merit based on a claimant's inability to find the defendant within the same time period. Section 74.351(a) need not, and therefore should not, be interpreted to create a potentially constitutionally infirm presumption.[13]

Appellate courts should apply Section 74.351 consistent with the Legislature's purpose as expressly stated in the Medical Liability Act. Justice Carter's admonition in his concurring opinion in the court of appeals is worth repeating:

> The Legislature determined that expert reports must be filed in order to avoid costly, unnecessary, and unmerited legal proceedings, but unfortunately, in this case, that goal has not been accomplished. Here, a thirty-one-page detailed report from a board-certified anesthesiologist was served within 120 days from the filing of the original petition. Instead of engaging in expensive and time-consuming trial and appellate litigation attempting to establish that the simple words "party" and "serve" have abstruse meanings, these parties should be preparing for and trying their case.[14]

Nathan L. Hecht
Justice

Opinion delivered: August 30, 2013

---

[13] *Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011) ("We presume that when enacting legislation, the Legislature intends to comply with the state and federal constitutions, and we are obligated to avoid constitutional problems if possible." (citation and internal quotation marks omitted)).

[14] 349 S.W.3d 97, 107 (Carter, J., concurring).

5